## LAKE *versus* INHABITANTS OF ELLSWORTH.

By c. 38 of R. S., it is provided that every town and plantation clerk shall record all births and deaths, which shall occur in the town or plantation of which he is clerk, and come to his knowledge.

Parents and others are required to give the information of such events; and a neglect of the duty for the space of six months creates a forfeiture, prescribed by that statute.

The duties of a town clerk, in recording births and deaths, are not limited to the time he has exercised the office, nor to the record of those only which have occurred within six months from the time he received notice.

But when the record is *once* made, the loss or destruction of it will not authorize the clerk to demand remuneration for making a *new* one, without authority from the town.

For recording all births and deaths in the town, *which have come to his knowledge,* and which had not been previously recorded, the clerk is entitled to the statute remuneration from the town.

On Report from *Nisi Prius,* Hathaway, J., presiding.

Assumpsit, on account annexed, for recording births and deaths in the town of Ellsworth.

The plaintiff was chosen and qualified as clerk of that town for the years of 1852 and 1853.

The town clerk's books having been destroyed by fire in 1850, the plaintiff proceeded to gather information of births and deaths prior to his election, and recorded them to the number of 3035.

The defendants offered to be defaulted for the statute charge for those recorded which occurred while plaintiff was clerk.

If the plaintiff can recover for recording those which took place before he was clerk, the action was to stand for trial; otherwise, a default to be entered and judgment for the amount of the offer.

*Wiswall,* for plaintiff. The clerk is bound to record all births and deaths in his town, which may come to his knowledge, and many might occur in a town, during the official term of one clerk, and no notice be given until his successor was elected.

This construction was evidently contemplated by the framers of the statute. By the 3rd section of c. 38, parents, householders, &c., mentioned in the second section, are allowed the period of six months, within which to give notice of births and deaths to the town clerks, and if they give such notice within that time, no fine is imposed upon them, but if they neglect it, they forfeit and pay one dollar for each offence. If parents, &c., are permitted to give notice within six months without being liable to a penalty, it is very clearly the duty of the clerk, when such notice is given, to receive and record it, and no less clear that he is entitled

to his legal fees for so doing. Should the clerk neglect to make such record for the space of six months, he would also be liable to a fine. It would be most unjust and a most unreasonable construction of the statute to compel a clerk, under a penalty, to perform a duty, and then, without any fault of his own, give him no claim for his services.

Should the persons named in the second section of said 38th chapter neglect to give the notice required for more than six months, or should they neglect it for years, they are only liable to a penalty, and the clerk is under the same legal obligation to record such birth or death whenever notice is given or whenever the fact comes to his knowledge.

In this case there was no record of births and deaths as required by law, and the clerk, in good faith, recorded all of which he had notice and which came to his knowledge while he was clerk, and also those which occurred for years previously, believing that he was under a legal obligation to do so.

*Drinkwater*, for defendants.

The words " shall occur" and "of which he is clerk," in § 1, c. 38, R. S., plainly indicate that the person holding the office of clerk shall record only those births and deaths which occur during his term. Any other construction would destroy the validity of a public registry. They are to be made up by a person whose duty it is to make them, and if not so made are not receivable in evidence. *Doe* v. *Bray*, 8 B. & C. 813.

If then this record is valueless, as we contend, the defendants ought not to be held to pay for it without they authorize it.

The case finds that plaintiff " proceeded to gather information," &c. This was not required of him by law. He was required to record those only "which shall occur and come to his knowledge." The 2d section points out what persons are to give notice of those events, and no where is it required of clerks to seek for this information.

The forfeiture named in § 3, of same chapter, plainly refers to the persons named in § 2, and not to the clerk.

·TENNEY, J.—It is made the duty of every town and plantation clerk, to record all births and deaths which shall occur in the town or plantation of which he is clerk, and come to his knowledge. R. S., c. 38, § 1. And parents and other persons specified, are required to give notice to the clerk of the towns where they respectively reside of the births and deaths, which take place in their families,' &c., and for each neglect of this duty, a penalty of one dollar is incurred. Sect. 2.

Clerks are not precluded from obtaining information of births and deaths from other persons besides those, who are bound by law, to communicate it. Neither are they restricted in making the records of the births and deaths, which occur during their continuance in office. Parents and others upon whom the duty is imposed, have six months in which to give the notice, without being liable to the penalty for neglect; and it must have been the intention of the authors of the statute, that all such should be recorded, notwithstanding the births and deaths may have taken place before the official terms of the clerks. And they are not forbidden to record births and deaths, even a longer time, than six months after their occurrence.

Books of records of births and deaths, made by town clerks, are of themselves, evidence of the facts recorded. 1 Greenl. Ev. § 484. And it is, undoubtedly, contemplated by Legislatures, which provide for such, that the clerks of towns, acting in the discharge of official trusts, and under oath, will be careful to place upon the records, only such facts as are shown to them to be true; and to exclude every thing, which is represented as having happened so long before they are notified that the correctness of the information may be doubtful or uncertain. Every thing reported to clerks, which cannot be treated as reasonably satisfactory, touching births and deaths, must fail to be that,

Lake *v*. Ellsworth.

which, in the language of the statute, "comes to their knowledge."

If a clerk should in good faith, and in the exercise of a sound discretion, record upon the town books, births and deaths, which are supposed to have occurred in the town, of which he is clerk, a longer time than six months before they came to his knowledge, he would be entitled to the compensation allowed by the statute for such services.

Where, however, a birth or a death has been recorded as required by the statute, the provision therein has been fulfilled, and no duty devolves upon the clerk, by virtue of his office to supply those records, if they should be lost or destroyed; or after such accidents, to form a new record, without reference to the contents of that which has been lost or destroyed. If he should do so, the town would not, without some corporate action, or direction of its officers, be bound to compensate the clerk for such services.

The official duties of the plaintiff, in recording births and deaths, were not increased by the destruction of the records; and if he performed any labor upon the records beyond these, he cannot properly call upon the town for payment. But for recording births and deaths, which took place in the town, before he was clerk, *and which have come to his knowledge,* and which were not before made, he is entitled to remuneration.

By the agreement of parties, the action must stand for trial.